UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA BANSE,<br><br>        Plaintiff,<br><br>    v.<br><br>STATEBRIDGE COMPANY, LLC, et al.,<br><br>        Defendants. | Case No. 2:25-cv-00952-CSK<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 30) |

Pending before the Court is Defendants Statebridge Company, LLC ("Statebridge") and Wilmington Savings Fund Society, FSP's ("Wilmington") motion to dismiss Plaintiff Pamela Banse's First Amended Complaint ("FAC").[1] A hearing was held over Zoom on August 20, 2025. Jessica Galetta appeared for Sarah Shapero as counsel for Plaintiff; Joan Spaeder-Younkin appeared as counsel for Defendant. (ECF No. 37.)

For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss, and GRANTS IN PART and DENIES IN PART Defendants' request for judicial notice.

---

[1] This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF Nos. 7-9.)

I.    BACKGROUND

    A.    Factual Allegations[2]

Plaintiff owns property located at 8146 Andante Drive, Citrus Heights, California 95621 ("the Property"), which is her primary and principal residence. FAC ¶ 4. Plaintiff alleges she faces foreclosure by a junior lien that was "charged off"[3] and has been silent for over ten years. FAC ¶ 1. Defendant Statebridge is a "debt collector" that regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another. FAC ¶ 6. Statebridge was the owner and/or servicer of the loan at issue. *Id.* Defendant Wilmington is the current beneficiary of the Deed of Trust for the loan at issue. FAC ¶ 7. Plaintiff alleges Defendants were acting as agent, servant, employee, partner, co-conspirator, and/or joint venture of the other. *See* FAC ¶ 15.

In or around March 2006, Plaintiff obtained a line of credit in the amount of $141,000 from IndyMac Bank, FSB. FAC ¶ 22. The loan was secured by the Property via a Deed of Trust, which was recorded on March 16, 2006. *Id.*; *see* Defs. RJN, Exh. 1 (ECF No. 30-1 at 7-13). A couple of years later, IndyMac was closed by the Office of Thrift Supervision, and the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver. FAC ¶ 23. Plaintiff did not receive monthly statements after that time. *Id.* Because of IndyMac's lack of communication and collection efforts, Plaintiff believed she no longer owed the outstanding principal balance, and believed that the loan would not be accruing interest. FAC ¶ 24. Plaintiff received no monthly statements from any company regarding the loan, and she had no idea that the debt still existed,

---

[2] These facts primarily derive from the FAC (ECF No. 22), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

[3] Charge-off is a declaration by a creditor that an amount is unlikely to be collected. *See Hanks v. Talbots Classics Nat. Bank*, 2012 WL 3236323, at *2 n.2 (N.D. Cal. Aug. 6, 2012). Traditionally, creditors will make this declaration after six months of nonpayment by the debtor. While the charge is considered uncollectable by the original lender, the debt is still legally valid and remains so after charge-off. *Id.*

who the debt was owed to, or that any interest was being charged to the debt. *Id.* Plaintiff alleges that the loan was never declared uncollectible. FAC ¶ 25. No delinquency collection proceedings were initiated to collect the loan, and no federal law would have prohibited the furnishing of periodic statements. FAC ¶¶ 26, 27. Defendants continued to charge interest and fees on the loan while the debt was charged off. FAC ¶ 28.

In late 2024, Plaintiff was contacted by investors about her home and advised that the loan was in default status. FAC ¶ 29. On December 9, 2024, Defendant Statebridge directed ZBS Law, LLP to record a Notice of Default, which is recorded as Document Number 202412090637 of the Official Records of the Sacramento County Recorder. FAC ¶ 32; *see* Defs. RJN, Exh. 12 (ECF No. 30-1 at 66-68). As of December 5, 2024, the amount due on the loan is $167,153.86. FAC ¶ 32. In February 2025, Defendant Statebridge indicated it was seeking $175,945.96. FAC ¶ 35.

Plaintiff brings the following claims:  (1) breach of contract – third party beneficiary against Defendant Statebridge; (2) breach of implied covenant against Defendant Wilmington; (3) violation of the Fair Debt Collections Practices Act ("FDCPA") against Defendant Statebridge; (4) violation of California's Rosenthal Fair Debt Collections Practices Act ("Rosenthal Act") against Defendant Statebridge; (5) violation of 12 C.F.R. § 226.5 against Defendant Wilmington; (6) violation of the Federal Truth in Lending Act ("TILA") against Defendant Wilmington; and (7) unfair competition – violation of the California Business and Professions Code § 17200, et seq. against all Defendants. *See* FAC.

### B. Procedural Posture

Plaintiff initiated this action by filing a Complaint in Sacramento County Superior Court on March 14, 2025. (ECF No. 1 at 12.) On March 27, 2025, Defendants removed this action to this federal court. *Id.* at 1. On April 2, 2025, Defendants answered the Complaint. (ECF No. 4.) On May 15, 2025, Plaintiff filed a motion to amend the Complaint. (ECF No. 12.) Defendants filed a statement of non-opposition to the motion

to amend. (ECF No. 14.) On June 10, 2025, the Court granted Plaintiff's motion to amend (ECF No. 21), and on June 11, 2025, Plaintiff filed the operative FAC (ECF No. 22). The Court issued a pretrial scheduling order on June 12, 2025. (ECF No. 25.) The parties stipulated to modify the scheduling order on October 4, 2025 (ECF No. 43), which the Court granted (ECF No. 45).

On May 16, 2025, Plaintiff filed a motion for preliminary injunction (ECF No. 13), which Defendants opposed (ECF No. 16). Plaintiff filed a reply. (ECF No. 24.) On August 20, 2025, the Court held a hearing over Zoom on Plaintiff's motion for preliminary injunction. 8/20/2025 Minute Order (ECF No. 37). On September 10, 2025, the parties filed a stipulation where Defendants agreed not to proceed with foreclosure on Plaintiff's property until further order of the Court or the parties agree otherwise, pursuant to terms, including that Plaintiff will tender the nonrefundable amount of $502 to Defendant Statebridge in consecutive monthly installments on the twenty-fifth day of the month in which it is due, beginning September 25, 2025, and continuing for the duration of this action. (ECF No. 41 at 2.) The Court issued an order granting the stipulation and resolving the preliminary injunction motion. (ECF No. 42.)

On July 2, 2025, Defendants filed a motion to dismiss (ECF No. 30), which is fully briefed (ECF Nos. 31, 36.) The Court held a hearing over Zoom on the motion to dismiss on the same day as the hearing for the motion for preliminary injunction. *See* 8/20/2025 Minute Order. On November 19, 2025, Defendants filed a notice of supplemental authorities in support of their motion to dismiss. (ECF No. 46.) This motion is now submitted.

## II.    LEGAL STANDARDS

### A.    Failure to State a Claim under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering

whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected. *Id*. at 1130-31; *see also Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.    Judicial Notice**

When reviewing a motion to dismiss, courts may consider undisputed facts contained in judicially noticeable documents under Federal Rule of Evidence 201 without converting the motion to one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This includes undisputed facts from documents attached to the complaint or those on which the complaint "necessarily relies." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see Gamboa v. Tr. Corps.*, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the public record and [] easily verifiable").

**III.   DISCUSSION**

Plaintiff brings the following claims:  (1) breach of contract – third party beneficiary against Defendant Statebridge; (2) breach of implied covenant against Defendant Wilmington; (3) violation of the FDCPA against Defendant Statebridge; (4) violation of the Rosenthal Act against Defendant Statebridge; (5) violation of 12 C.F.R. § 226.5 against Defendant Wilmington; (6) violation of the TILA against Defendant Wilmington; and (7) unfair competition – violation of California Business and Professions Code

§ 17200, et seq. against all Defendants. *See* FAC. Defendants move to dismiss the FAC for failure to state a claim. *See* Defs. Mot. (ECF No. 30).

### A. Defendants' Request for Judicial Notice

Defendants filed a request for judicial notice in support of their motion to dismiss. Defs. RJN (ECF No. 30-1). Defendants seek judicial notice of the following documents:

1. The Deed of Trust recorded in the official records of Sacramento County on March 16, 2006, bearing Instrument No. Book 20060316 Page 1191. (Exhibit 1)
2. A Notice of Servicing Transfer dated October 16, 2013, from IndyMac Mortgage Services to Ocwen Loan Servicing. (Exhibit 3)
3. Certificate of Merger of a Domestic Liability Company into a Foreign Corporation effective June 1, 2019. (Exhibit 6)
4. PHH Mortgage Notice of Servicing Transfer dated December 26, 2023. (Exhibit 7)
5. Statebridge Company Notice of Servicing Transfer dated February 26, 2024. (Exhibit 8)
6. Statebridge Company HELOC Loan Monthly Statements dated February 2024 to March 2025. (Exhibit 9)
7. Assignment of Deed of Trust recorded in the official records of Sacramento County on January 29, 2024 as Instrument No. 202401290489. (Exhibit 10)
8. Substitution of Trustee recorded in the official records of Sacramento County on December 9, 2024, bearing Instrument No. 202412090636. (Exhibit 11)
9. Notice of Default and Election to Sell recorded in the official records of Sacramento County on December 9, 2024, bearing Instrument No. 202412090637. (Exhibit 12)

Defendants do not seek judicial notice of their Exhibits 2, 4, and 5. Plaintiff objects in part, objecting to the Court taking judicial notice of Exhibits 3, 7, 8, and 9. Pl. Opp'n at 3-4.

The Court grants Defendants' request for judicial notice as to Exhibits 1, 10, 11, and 12 because these are documents that were officially recorded and are proper

subjects of judicial notice. *See Gamboa*, 2009 WL 656285, at *3. Further, Exhibit 1 may be properly incorporated by reference into the FAC. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted) (stating incorporation by reference permits a court, when considering a Rule 12(b)(6) motion, to take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions" (citation omitted)).

However, the Court declines to take judicial notice of Exhibits 3, 6, 7, 8, and 9. These exhibits are not proper subjects of judicial notice. They are not recorded documents that are easily verifiable or part of the public record, and do not contain undisputed facts upon which the FAC relies. *See Marder*, 450 F.3d at 448; *Gamboa*, 2009 WL 656285, at *3.

Accordingly, Defendants' request for judicial notice is granted in part and denied in part as described above.

### B. Breach of Contract – Third Party Beneficiary (Claim 1)

Plaintiff brings a claim for breach of contract – third party beneficiary against Defendant Statebridge only. FAC ¶¶ 39-45. Plaintiff alleges she is a third-party beneficiary of the servicing agreement governing Statebridge's servicing of Plaintiff's loan. FAC ¶ 41. Plaintiff alleges she was the "intended beneficiary" of the servicing agreement, requiring Statebridge to communicate with Plaintiff to collect on the loan. FAC. ¶ 42.

Defendants first argue that Plaintiff lacks standing to sue because she is not a third-party beneficiary of the servicing agreement. Defs. Mot. at 3. Under California's third party beneficiary doctrine, a third party may bring a breach of contract claim against a party to a contract only if the third party establishes (1) "that it is likely to benefit from the contract," (2) "that a motivating purpose of the contracting parties is to provide a benefit to the third party," and (3) "that permitting the third party to bring its own breach of contract action against a contracting party is consistent with the objectives of the

contract and the reasonable expectations of the contracting parties." *Goonewardene v. ADP, LLC*, 6 Cal. 5th 817, 821 (2019). The fact that a contract results in benefits to a third party does not make that party a third party beneficiary. *Ford Motor Warranty Cases*, 89 Cal. App. 5th 1324, 1336 (2023). The parties to the contract must have intended the third party to benefit. *Id.* at 1337.

Plaintiff argues that borrowers are an intended beneficiary of the servicing agreement between a lender and loan servicer when the lender hires a loan servicer to carry out its duties under a note and deed of trust. Pl. Opp'n at 7 (ECF No. 31). Plaintiff provides no legal authority for this proposition. The Ninth Circuit has found that "numerous California appellate courts have held [that] borrowers . . . are not third-party beneficiaries" of loan servicing agreements. *In re Turner*, 859 F.3d 1145, 1149 (9th Cir. 2017). District courts in this Circuit have also found that plaintiff borrowers are not third-party beneficiaries of servicing agreements. *See Martinez v. Specialized Loan Servicing, LLC*, 2025 WL 3030982, at *3 (E.D. Cal. Oct. 30, 2025); *Khan v. ReconTrust Co.*, 81 F. Supp. 3d 867, 873 (N.D. Cal. 2015). Here, Plaintiff has only provided conclusory allegations that she was the "intended beneficiary" of the servicing agreement (FAC ¶ 42), and has not supported her argument with legal authority. Additionally, the plain terms of the servicing agreement do not mention any benefit Plaintiff could be expected receive. *See* Defs. RJN, Exh. 1. Further, permitting a breach of contract claim seeking to prevent Defendant from collecting on the loan would "directly contradict the objectives and reasonable expectations of the contracting parties." *Kilker v. Real Time Resols., Inc.*, 2025 WL 2492961, at *3 (N.D. Cal. June 2, 2025).

Because the Court finds Plaintiff is not a third-party beneficiary, it declines to address Defendants' other arguments on this issue. *See* Defs. Mot. at 5-6. Accordingly, Plaintiff's claim for breach of contract against Defendant Statebridge is dismissed. Because it appears amendment would be futile, Plaintiff's claim is dismissed without leave to amend. *See Cato,* 70 F.3d at 1106.

/ / /

**C.     Breach of Implied Covenant (Claim 2)**

Plaintiff brings a claim for breach of implied covenant against Defendant Wilmington. FAC ¶¶ 46-51. Defendants argue that the claim for breach of implied covenant fails for the same reasons that a breach of contract claim would fail, and that Plaintiff cannot establish a breach. Defs. Mot. at 7-8.

In order to bring an action for breach of the implied covenant of good faith and fair dealing, there must be an existing contractual relationship between the parties. *Smith v. City & Cnty. of San Francisco*, 225 Cal. App. 3d 38, 49 (1990). In every contract, there is an implied covenant of good faith and fair dealing that "neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Dooms v. Fed. Home Loan Mortg. Corp.*, 2011 WL 1232989, at *9 (E.D. Cal. Mar. 31, 2011) (citing *Kransco v. American Empire Surplus Lines Ins. Co.,* 23 Cal.4th 390, 400 (2000)). The implied covenant is a supplement to an existing contract, and rests on the existence of a specific contractual obligation. *Id.* A plaintiff bringing a claim for breach of the implied covenant must show: (1) "the plaintiff and the defendant entered into a contract"; (2) "the plaintiff did all or substantially all of the things that the contract required him to do or that he was excused from having to do"; (3) "all conditions required for the defendant's performance had occurred"; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract"; and (5) "the defendant's conduct harmed the plaintiff." *Woods v. Google, Inc.*, 889 F. Supp. 2d 1182, 1194 (N.D. Cal. 2012).

A breach of the implied covenant of good faith and fair dealing claim must show that the conduct of the defendant demonstrates a failure or refusal to discharge contractual responsibilities, that is prompted by a "conscious and deliberate act," which "unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party," depriving that part of the benefits of the agreement. *Careau & Co. v. Security Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990). Accordingly, to state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must identify the specific contractual provision that was frustrated.

*Rockridge Tr. v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1156 (N.D. Cal. 2013).

Here, Plaintiff alleges that she was in a contractual relationship with Defendant Wilmington by virtue of the 2006 loan agreement and Deed of Trust, which Plaintiff alleges was transferred to Wilmington. FAC ¶ 49. Plaintiff also alleges Defendant Wilmington was the lender and beneficiary of the loan. FAC ¶ 48. Plaintiff further alleges that Wilmington did not transmit a single monthly statement to Plaintiff and ceased all collection activities, which interfered with Plaintiff's ability to perform on the contract and induced Plaintiff's breach. FAC ¶ 51. However, Plaintiff has not alleged which specific provision(s) of the contract at issue was frustrated by Defendant. *See Rockridge Tr.*, 985 F. Supp. 2d at 1156. Accordingly, Plaintiff's breach of implied covenant claim is dismissed with leave to amend.

### D.    Fair Debt Collection Practices Act (Claim 3)

Plaintiff brings a claim for violation of the FDCPA against Defendant Statebridge. FAC ¶¶ 52-62. Plaintiff alleges Statebridge violated the FDCPA by making a false representation about the legal status of a debt. FAC ¶ 60 (citing 15 U.S.C. § 1692e(A)(2)). Specifically, Plaintiff alleges because the loan was either forgiven, cancelled, or charged off, Defendant Statebridge was not permitted to charge interest to the loan while it was not sending Plaintiff monthly statements. *Id.* Plaintiff alleges Statebridge's silence was a representation that the debt was charged off. FAC ¶ 61.

The FDCPA "prohibits 'debt collectors' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). To state a claim under the FDCPA, a plaintiff must show:  (1) she is a consumer; (2) who has been the object of collection activity arising from a consumer debt; (3) the defendant is a debt collector under 15 U.S.C. § 1692a(6); and (4) defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a-1692o. *Chalehtak v. FNBN I, LLC*, 2016 WL 4088874, at *3 (N.D. Cal. Aug. 2, 2016); *Michaccio v. Hatfield Portfolio Grp., LLC*, 2018 WL 1919193, at *4 (E.D. Cal. Apr. 24, 2018). A consumer under the FDCPA is defined as "any natural person obligated or

allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Here, Plaintiff alleges that she obtained a line of credit in March 2006. FAC ¶ 22. She was contacted in 2024, and was advised that the loan was in default status and that a Notice of Default was recorded on December 9, 2024 in the amount of $167,153.86. FAC ¶¶ 29, 32. Plaintiff alleges Defendant Statebridge is a debt collector and identifies as a debt collector. FAC ¶ 53. Defendants do not contest that Statebridge is a debt collector. *See* Defs. Mot. Accordingly, the Court finds that Plaintiff has sufficiently pled the first three elements of a FDCPA claim.

Regarding the fourth element, Plaintiff also alleges Defendant Statebridge violated the FDCPA, 15 U.S.C. § 1692e(2), by making a false representation about the legal status of a debt. FAC ¶ 60. Plaintiff also alleges Statebridge violated 15 U.S.C. § 1692e(5) by threatening to take action that cannot be legally taken, 15 U.S.C. § 1692e(10) by using a false representation to attempt to collect the debt, and 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the loan agreement. FAC ¶ 56. Plaintiff alleges that the loan was forgiven or charged off because she stopped receiving communications from Defendants. FAC ¶ 57. Because Plaintiff borrowed only $141,000, and Defendant demands $174,945.96, Plaintiff alleges the $174,945.96 must then include interest and fees on the loan. FAC ¶ 59. Plaintiff alleges that because the loan was either forgiven, cancelled, or charged off, Defendant could not charge interest on the loan while not sending Plaintiff monthly statements. FAC ¶ 60. Plaintiff alleges Defendant's silence was a representation about the legal status of the debt, that the loan was charged off. FAC ¶ 61.

Defendant argues that Plaintiff's loan remains collectible, and Plaintiff has not sufficiently alleged that the amounts claimed due are not correct. Defs. Mot. at 8.

Defendant also argues that 12 C.F.R. § 1026.41 prohibits retroactive interest, and it does not apply to home equity lines of credit. *Id.* In reply, Plaintiff alleges her claim is not premised on 12 C.F.R. § 1026.41. Pl. Reply at 12 (ECF No. 31).

The Court finds Plaintiff has not sufficiently pled that Defendant Statebridge violated the FDCPA by charging interest on a loan that was charged off. Plaintiff has not sufficiently pled that charging interest on a charged off loan without sending periodic statements violates the FDCPA. *See Chalehtak*, 2016 WL 4088874, at *3. Plaintiff alleges that she received no monthly statements from any company regarding her loan and had no idea the debt still existed, who the debt was owed to, or that any interest was being charged to the debt. FAC ¶ 24. Plaintiff alleges no federal law would have prohibited the furnishing of periodic statements, and that while the debt was charged off, Defendants continued to charge interest and fees to the loan. FAC ¶¶ 27-28. Plaintiff argues her claim is not premised on 12 C.F.R. § 1026.41, but does not provide legal support for her argument that Defendants' actions violated the FDCPA. *See Kilker v. Real Time Resols., Inc.*, 2025 WL 2492961, at *5 (N.D. Cal. June 2, 2025) ("In alleging a violation of the statute, it is plaintiff's obligation to specify the grounds for defendant's liability."). Accordingly, Plaintiff's FDCPA claim against Defendant Statebridge is dismissed with leave to amend.

Because the Court finds Plaintiff fails to state a FDCPA claim, the Court will not address Defendants' other arguments as to this claim.

### E. Rosenthal Act (Claim 4)

Plaintiff brings a claim for violation of California' Rosenthal Act against Defendant Statebridge. FAC ¶¶ 64-75. California's Rosenthal Act "like its federal counterpart, is designed to protect consumers from unfair and abusive debt collection practices." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1060 (C.D. Cal. 2009) (citing Cal. Civ. Code § 1788.1). Pursuant to California Civil Code section 1788.17, conduct by a debt collector that violates the FDCPA also violates the Rosenthal Act. *See Peebles v. Seterus, Inc.*, 2019 WL 4464126, at *6 (E.D. Cal. Sept. 17, 2019)

("The Rosenthal Act incorporates by reference the prohibitions contained in Section 1692b to 1692j of the FDCPA.").

Because the Court finds that Plaintiff has not sufficiently stated a FDCPA claim against Defendant Statebridge, Plaintiff's claim under the Rosenthal Act also fails. Accordingly, Defendants' motion to dismiss the Rosenthal Act on this ground is granted, and Plaintiff's claim is dismissed with leave to amend.

### F.     Violation of 12 C.F.R. § 226.5 (Claim 5)

Plaintiff brings a claim for violation of the TILA's implementing regulation, Regulation Z, 12 C.F.R. § 226.5. FAC ¶¶ 76-83. Plaintiff alleges that Defendant Wilmington violated 12 C.F.R. § 226.5 because Plaintiff did not receive a single monthly statement since 2009. FAC 82. Defendants argue that Plaintiff's allegations that the loan was never deemed uncollectible merely because servicing of the loan has been transferred is unsupported and conclusory. Defs. Mot. at 12.

Under 12 C.F.R. § 226.5, a periodic statement shall be mailed or delivered for each billing cycle at the end of which an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed. 12 C.F.R. § 226.5(b)(2)(i). A periodic statement in accordance with Section 226.7 is not required for an account if it is deemed uncollactable, if delinquency collection proceedings have been instituted, if the creditor has charged off the account and will not charge any additional fees or interest on the account, or if furnishing the statement would violate federal law. *Id.* Periodic statements require information substantially similar to that under state law: (1) the outstanding balance; (2) transactions; (3) credits; (4) interest rates, charges, and fees; (5) a grace period; (6) and the due date, among other things. *See* 12 C.F.R. § 226.7(b).

Here, Plaintiff alleges that the loan at issue was never deemed uncollectable, no delinquency proceedings were instituted to collect the loan, and no federal law would have prohibited the furnishing of periodic statements. FAC ¶¶ 78-80. Plaintiff also alleges that while the debt was charged off, Defendants continued to charge interest and fees to the loan. FAC ¶ 81. The Court finds that Plaintiff has sufficiently alleged that

Defendant Wilmington did not send periodic statements as required under 12 C.F.R. § 226.5. Defendants' motion to dismiss claim 5 is denied.

### G.   Violation of the Truth in Lending Act (Claim 6)

Plaintiff brings a claim for violation of the TILA against Defendant Wilmington. FAC ¶¶ 85-87. To state a claim under the TILA, a plaintiff must alleged specific facts showing that either: (1) "the plaintiff did not receive a required disclosure"; or (2) "the plaintiff received disclosures that were not clear and conspicuous." *Ramos v. Funding Rush, Inc*, 2023 WL 5241914, at *3 (E.D. Cal. Aug. 15, 2023). Any TILA claim "may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation[.]" 15 U.S.C. § 1640(e).

15 U.S.C. § 1637(b) requires "[t]he creditor of any account under an open end consumer credit plan shall transmit to the obligor, for each billing cycle at the end of which there is an outstanding balance in that account or with respect to which a finance charge is imposed, a statement[.]" 12 C.F.R. § 1026.7 similarly requires "creditors [to] furnish the consumer with a periodic statement that discloses [certain] items." *See also* 12 C.F.R. § 226.7.

Here, Plaintiff alleges Defendant failed to transmit to Plaintiff a single monthly statement since 2009. FAC ¶ 85. Defendant argues that Statebridge, on behalf of Wilmington, sent period statements once it was decided that collections would re-commence for the loan. Defs. Mot. at 12. The Court finds that Plaintiff has sufficiently stated a TILA claim. Plaintiff alleges that Defendant did not send a monthly statement for over fifteen years, and Plaintiff could not have known she owed an outstanding debt. FAC ¶ 86. This is sufficient to allege that Plaintiff did not receive a required disclosure. *See Ramos*, 2023 WL 5241914, at *3. Accordingly, Defendants' motion to dismiss the TILA claim is denied.

### H.   Unfair Competition Law (Claim 7)

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair[,] or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The statute is

"violated where a defendant's act or practice violates any of the [UCL's] prongs." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012). A plaintiff may pursue a claim under California's UCL via any or all of three prongs: the "unlawful" prong, which bars practices that are forbidden by any other law; the "unfair" prong, which bars unfair conduct; and the "fraudulent" prong, which bars practices that are likely to deceive the public. *In re Toyota RAV4 Hybrid Fuel Tank Litig.*, 534 F. Supp. 3d 1067, 1100 (N.D. Cal. 2021). Here, Plaintiff brings claims under the unlawful and unfair prongs.

### 1. Unlawful Prong

The unlawful prong of the UCL "'borrows' violations of other laws and treats them as unlawful practices that are independently actionable. *Martinez v. Welk Grp., Inc.*, 907 F. Supp. 2d 1123, 1139 (S.D. Cal. 2012). The unlawful prong includes business practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1043-44 (9th Cir. 2010) (citation omitted). Where a plaintiff cannot state a claim under a "borrowed" law, he or she cannot state a claim under the UCL's unlawful prong either*. See Pellerin v. Honeywell Intern., Inc.*, 877 F. Supp. 2d 983, 992 (S.D. Cal. 2012) ("A UCL claim must be dismissed if the plaintiff has not stated a claim for the predicate acts upon which [s]he bases the claim.").

Here, Plaintiff alleges her unlawful claims are tethered to the following claims: breach of contract – third party beneficiary, breach of implied covenant, FDCPA violation, Rosenthal Act violation, violation of 12 C.F.R. § 226.5, and TILA violation. FAC ¶ 89. Because the Court has found Plaintiff sufficiently stated a claim under 12 C.F.R. § 226.5 and the TILA, Plaintiff has also stated a claim under the unlawful prong as to those claims.

### 2. Unfair Prong

Plaintiff also alleges Defendants' conduct violated the unfair prong. FAC ¶ 91. As an initial matter, Defendants argue Plaintiff lacks standing under the UCL. Defs. Mot. at 13. A claim under the UCL may be brought by "a person who has suffered injury in fact

15

and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Thus, to establish standing under the UCL, a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that economic injury was the result of, i.e., caused by, the unfair business practice . . . that is the gravamen of the claim." *Kwikset Corp. v. Superior Ct.*, 51 Cal.4th 310, 322 (2011) (emphasis omitted).

Here, Plaintiff has alleged that her loan balance increased due to the interest and fees improperly charged to the loan. *See* Pl. Opp'n at 17; FAC ¶¶ 22, 32, 35, 36, 58-59. Plaintiff has sufficiently alleged that she suffered an economic injury by the increase in fees. *See Lane v. Wells Fargo Bank, N.A.*, 2013 WL 3187410, at *11 (N.D. Cal. June 21, 2013) ("Even if a borrower has been charged but has not yet paid for the expenses, the debt is an economic injury and lien upon his property sufficient to confer standing to assert a claim under the unfair competition law[.]"). Further, Plaintiff has sufficiently alleged that this injury was the result of Defendants' actions. *See* FAC ¶¶ 22, 28, 32, 35, 59. Accordingly, Plaintiff has standing to bring this claim, and the Court will address whether Plaintiff has stated a claim under the unfair prong.

An "unfair" business practice "is one that either offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008) (citation and quotation marks omitted). To state a claim under the unfair prong, a plaintiff must allege facts showing that the consumer injury is substantial, not outweighed by any countervailing consumer benefits, and could not have been reasonably avoided. *In re Sony Grant Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1091 (S.D. Cal. 2010).

Here, Defendants argue that Plaintiff does not allege that any conduct by Defendants violated an antitrust law or the policy or spirit of such a law. Defs. Mot. at 13. Defendants also argue that Plaintiff does not allege any conduct by Defendants significantly threatens or harms competition. *Id.* Plaintiff alleges that a practice is unfair if

it has an impact on its alleged victim that outweighs the reasons, justifications, and motives of the alleged wrongdoer. FAC ¶ 91. Plaintiff states that Defendants failed to contact Plaintiff regarding their loan and then began actively foreclosing on the property, without prior notice as soon as the property had equity. *Id.* Plaintiff further alleges Defendants are taking advantage of the years Plaintiff expended building equity in their home, for their own financial gain. *Id.* Plaintiff alleges this conduct is unfair. *See id.* The Court finds this conduct could reasonably be described as unfair. *See Naranjo v. Bank of Am., N.A.*, 2023 WL 8885144, at *7 (C.D. Cal. Nov. 17, 2023) (finding similar conduct alleged in this case unfair). Accordingly, Defendants' motion to dismiss the unfair UCL claim is denied.

### I.   Civil Code § 2924.13

In Plaintiff's opposition, she discusses recently enacted California Civil Code § 2924.13, which describes certain conduct as unlawful in connection with subordinate mortgages. Pl. Opp'n at 6. Defendants argue that the FAC's allegations do not allege a violation of this statute, the statute was enacted after the notice of default was recorded in this case, and the statute should not be applied retroactively. Def. Reply at 4-5.

Here, it does not appear that Plaintiff makes any actual argument in her opposition regarding the application of this statute. Plaintiff quotes from the new statue but does not describe how it is applicable in this case. Because Plaintiff does not offer meaningful argument related to this issue, the Court will not address whether it is applicable here or if it should be applied retroactively.

### IV.   CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Defendants' request for judicial notice (ECF No. 30-1) is GRANTED IN PART and DENIED IN PART;
   a. The Court GRANTS the request for judicial notice as to Exhibits 1, 10, 11, and 12; and
   b. The Court DENIES the request for judicial notice as to Exhibits 3, 6,

7, 8, and 9.

2. Defendant's motion to dismiss (ECF No. 30) is GRANTED IN PART and DENIED IN PART as follows:

    a. Plaintiff's breach of contract – third party beneficiary claim (Claim 1) is dismissed without leave to amend;

    b. Plaintiff's breach of implied covenant claim (Claim 2), FDCPA claim (Claim 3), and Rosenthal Act claim (Claim 4) are dismissed with leave to amend; and

    c. Defendant's motion to dismiss Plaintiff's 12 C.F.R. § 226.5 claim (Claim 5), TILA claim (Claim 6), and UCL claims (Claim 7) is DENIED.

3. If Plaintiff chooses to amend her Complaint, she shall have 30 days from the date of this order to file an amended Complaint as provided; and

4. If Plaintiff elects to file an amended complaint, it should be titled "Second Amended Complaint" with reference to the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967); E.D. Cal. Local Rule 220. If Plaintiff elects not to file an amended complaint, her current FAC will proceed on the following claims: violation of 12 C.F.R. § 226.5 (Claim 5), violation of the TILA (Claim 6), and violation of the UCL's unlawful prong and unfair prong (Claim 7).

Dated: December 30, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, bans.0952.25